08-137

AO 241
(Rev. 12/04)



08-

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Of Delaware |
|---|---|
| Name (under which you were convicted): Thomas R. Miller | Docket or Case No.: |
| Place of Confinement : Delaware Correctional Center | Prisoner No.: 00144108 |
| Petitioner (include the name under which you were convicted) Thomas R. Miller | v. Respondent (authorized person having custody of petitioner) State of Delaware |
| The Attorney General of the State of Delaware | |

**PETITION**

FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE 2008 MAR -7 PM 3:13

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Superior Court of Sussex County Georgetown, Del 19947

   (b) Criminal docket or case number (if you know): 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 thru 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

2. (a) Date of the judgment of conviction (if you know): July 16, 1993 May 26, 1994

   (b) Date of sentencing: July 16, 1993, May 26, 1994

3. Length of sentence: First 22 years Second life plus eight years

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   First Burglary First, 2nd degree USI
   Second Burglary 2nd degree, First degree USI

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty ☑ (3) Nolo contendere (no contest)
   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

2nd degree USI, 1st degree Burglary
TO 1st degree USI, 2nd degree Burglary

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at (a pretrial hearing), trial, or a post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Delaware Supreme Court

(b) Docket or case number (if you know): NO: 236, 1994

(c) Result: Denied

(d) Date of result (if you know): don't Know

(e) Citation to the case (if you know): don't Know

(f) Grounds raised:

1. The Trial Court's Denial of Motion for Recusal.
2. The Trial Court's refusal to permit Millers witness to testify as to statements made by victim wanting him free from incarceration was an abuse of discretion
3. The Trial Court's Denial of Miller's motion to dismiss indictment.

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court of Sussex County Delaware

(2) Docket or case number (if you know):

(3) Date of filing (if you know): September 19, 2007

(4) Nature of the proceeding: Rule 35(a) correction of Sentence

(5) Grounds raised:

Appellant claims that both sentences are illegal behind the lost waiver of indictment that was not filed on time, the Superior Court lost and did not subject matter and want of jurisdiction in the beginning of this case, but continued to sentence him twice is an abuse of discretion and resulted in substantial prejudice to appellant

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result:

(8) Date of result (if you know):

NA



(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ❒ No

(2) Second petition: ☒ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Superior Court lost subject matter jurisdiction over appellant when the lost waiver of indictment was not filed on prescribed time.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for post conviction Rule 61

Name and location of the court where the motion or petition was filed: Superior Court of Sussex County Georgetown, Del 19947

Docket or case number (if you know): NO. 92-12-0044 and 0045 (R-2)

Date of the court's decision: January 9, 2003

Result (attach a copy of the court's opinion or order, if available): Defendant's Application for Rule 61 Relief is denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware

Docket or case number (if you know): NO. 25, 2003

Date of the court's decision: Submitted March 4, 2003 Decided March 17, 2003

Result (attach a copy of the court's opinion or order, if available): Affirmed.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None.

**GROUND TWO:** NA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

FBI Forensic Report analysis That shows Appellants Innocence.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:** NA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** NA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

NA



Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: none

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Carl Haller Esquire public defender

(b) At arraignment and plea: Carl Haller

(c) At trial: Rosemary B. Beauregard Esq

(d) At sentencing: Rosemary B. Beauregard Esq second Sentence
First sentence Tom Barnett Esq.

(e) On appeal: Rosemary B. Beauregard

(f) In any post-conviction proceeding: pro se

(g) On appeal from any ruling against you in a post-conviction proceeding: pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ❒ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ❒ Yes ❒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Release from incarceration, because state deputy attorney General's office and Superior Court lost subject matter jurisdiction in the beginning and jurisdiction overall once statue of limitation was up.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 3-6-08 (month, date, year).

Executed (signed) on 3-6-08 (date).

Thomas R. Miller
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

________________________________

[insert appropriate court]

* * * * *

(Additional page to page 6)

(GROUND ONE (a) Supporting Facts)

Superior Court lost subject matter Jurisdiction over appellant when the lost waiver of Indictment was not filed on prescribed time. Appellant claims that both sentences and convictions are illegal behind the lost waiver of indictment which was not filed on the prescribe time (30) days from arrest which was November 29, 1992. The Superior Court lost subject matter jurisdiction in the very beginning of this case. The waiver of indictment was filed in the prothonotary's office of Superior Court on September 19, 1995, exactly 2 years 9 months after the statue of limitation was up, which is 2 years.

The Superior Court lost all jurisdiction over appellant and continued to sentence him twice is an abuse of discretion that resulted in substantial prejudice to appellant, and violated his 6th amendment, 8th amendment of cruel and unusual punishment, aswell as 14 th amendment, which infringe his Constitutional rights to due process.

GROUND TWO Additional page to page 8)

FBI Forensic Report That Shows Appellants Innocence

Appellant claims during his 3 day Trial on May 23, 24, 25 1994 an FBI forensic report was presented for defense to Superior Court, which concluded that there was no physical evidence implicating Miller in an sexual assault of Ms. Pederson. The Deputy attorney general James Adkins withheld and kept reports of important exculpatory information from the jury which would proven appellants innocence to the charges of unlawful sexual intercourse the state placed on him. Resulted in abuse of discretion on Superior Court, for not releasing appellant from incarceration once the Court had knowledge and results of forensic analysis report that came back. Court also allowed prosecutor Adkins to keep important exculpatory report from the jury

(continued from page 1)

is malicious Prosecution which violated appellants 6th amendment for not recieving a fair trial, 8th amendment of cruel and unusual punishment from both Superior Court and State, and 14th amendment for not recieving Due process of law, and being deprived of life, and liberty.

I/M Thomas Miller
SBI# 00144108 UNIT MHm 22 A-U-5
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Clerk's office
United States District Court
844 N. King Street
Lockbox 18
Wilmington, De 19801

X-RAY

Legal Mail